See also the preceding cases.

## Young's Appeal.

[Marked to be reported.]

*Boroughs—Election of officers—Acts of June 2, 1871, and June 1, 1883.*

A decree incorporating a borough in 1891 provided that the chief burgess should be a member of the borough council, as authorized by the act of June 2, 1871, P. L. 283. At the first election after the incorporation votes were cast for members of council as follows: two for the term of one year, three for the term of two years and two for the term of three years. *Held,* that, under the act of June 1, 1883, P. L. 54, which provides " that where the burgess is one of the six members of council, he shall be elected annually, and at the first election two shall be elected for one year, and three for two years, and thereafter two and three shall be elected alternately for a term of two years," the persons who were elected for the term of three years were not entitled to a writ of mandamus to compel the election officers to issue certificates of election to them as members of the council, there being no authority for their election.

Argued Nov. 8, 1892. Appeals, Nos. 270 and 271, Oct. T., 1892, by S. H. Young and Geo. Estep, from orders of C. P. No. 1, Allegheny Co., March T., 1892, Nos. 670 and 671, discharging rule for writ of mandamus. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Petition for writ of mandamus.

The facts appear by the opinion of the Supreme Court.

The court below entered a decree discharging the rule for writ of mandamus, in an opinion by STOWE, P. J., 1 Dist. R. 357.

*Error assigned* was, inter alia, decree, quoting it.

*W. C. Moreland, J. R. McQuaide* with him, for appellant.— It was not intended by the act of 1871, that the burgess should be included as one of the six members of the council. It was intended that he should be an additional ex-officio member.

The proviso to § 2 of the act of 1883 was designed to preserve unaffected special statutes incorporating boroughs, in some of which there may have been but five councilmen.

*Chas. B. Payne,* for appellee.—The question is settled by the acts of June 2, 1871, § 2, P. L. 284, and June 1, 1883, § 2, P. L. 54.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893:

The second section of the act of June 2, 1871, P. L. 283, provides as follows: " The number of members of any town council of a borough where the number is now fixed at five, shall be hereafter six, and in boroughs hereafter incorporated under general laws, the number of such councilmen shall be six ; but the several courts of the commonwealth, having jurisdiction to incorporate boroughs, may, in granting an incorporation, or upon application made to them, for the purpose, fix or change the charter of any borough so as to authorize the burgess or chief executive officer thereof to serve as a member of the town council, with full power as such, and to preside at the meetings thereof."

It is further provided by the second section of the act of June 1, 1883, P. L. 54: " That it shall be lawful for the qualified electors of the boroughs in the commonwealth of Pennsylvania, not now enjoying this right by special statute, at the first election for borough officers next ensuing the passage of this act, to elect one third the whole number of councilmen to serve for one year, one third to serve for two years, and one third for three years, and annually thereafter to elect one third of the whole number to serve for three years ; provided, that in boroughs in which the chief burgess is one of the six members of the town council, the chief burgess shall be elected annually, and, at the first election held for borough officers, two councilmen shall be elected for one year, three for two years, and at succeeding elections two or three alternately for a term of two years."

The borough of Duquesne was incorporated by a decree of the court of quarter sessions on September 12, 1891. It is provided in the decree of the court that " the burgess of said borough shall serve as a member of the borough council with full power as such member, and shall preside at the meetings

thereof." The first election in the borough was held on the 16th of February, 1892. At said election votes were cast for members of council as follows: two for the term of one year, three for the term of two years and two for the term of three years. The petitioners in these applications received the largest number of votes cast for the term of three years. Their application to the court below was for a writ of mandamus to compel the election officers to issue to them respectively a certificate of their election to the office of council of the borough of Duquesne for the term of three years. The court refused to issue the writ as prayed for, and this refusal is assigned for error here.

We think the case is clearly within the acts of assembly before cited. The burgess was one of the six members of the council. The proviso of the act of 1883 provides, as has already been stated, "that where the burgess was one of the six members of council, he shall be elected annually, and at the first election two shall be elected for one year, and three for two years, and thereafter two and three shall be elected alternately for a term of two years."

This proviso of the act of 1883 is conclusive of the question. This was the first election for members of council under the borough charter, and two were to be elected for one year, and three were to be elected for two years. There was no authority for electing the petitioners for a term of three years, and the rule for mandamus was properly discharged.

Judgment affirmed.